*State Emblem of Ukraine*

**Public Prosecution of Ukraine**

# GENERAL PROSECUTOR'S OFFICE OF UKRAINE

01601, Kyiv-11, Riznytska Str. 13/15               fax: (044) 290-28-51

_30_. 05.2005   No 14/2-23728-03

**Department of Justice
of the United States of America
Rex Young
Senior Counsel
Office of International Affairs**
Suite 800
1301 New York Ave., N.W.
Washington, D.C. 2005

**Dear Sirs,**

The General Prosecutor's Office of Ukraine presents its compliments to the Department of Justice of the United States of America and in conformity with the provisions of the Agreement between Ukraine and the United States of America *On Mutual Legal Assistance in Criminal Matters* of 22.07.1998 approaches with the application for legal assistance.

The Investigation Division of the Department of Security Service of Ukraine in the Transcarpathian region is investigating a criminal matter No 306 initiated by the elements of crime, envisaged by section 2 of Article 201 of the Criminal Code of Ukraine in the wording of 1960. The circumstances of crime are stated in the enclosed application.

The need of carrying out of a number of proceedings in the territory of the United States of America has arisen in the course of investigation of the circumstances of the committed crime.

Sending the commission of the Investigation Division of the Department of Security Service of Ukraine in the Transcarpathian region for legal assistance in the above criminal matter, the General Prosecutor's Office of Ukraine makes a request to organize its execution and to send materials received to our reference number 14/2-23728-03.

The General Prosecutor's Office of Ukraine assures that materials received will be used by the Ukrainian law-enforcement bodies only within the limits of this criminal matter and its consideration at court.

Enclosure:     on 10 pages.

**Yours respectfully,**
**Head of**
**International-Law Department**

                                      **S.F. Kravchuk**

By: Mayorova A.V.
Tel.: (044) 288-95-58

Translator of the General Prosecutor's Office of Ukraine                  R. Mykytenko

**TO:**    Office of International Affairs of Criminal Law Administration
of the US Department of Justice

**SUBJECT:**    request for assistance in investigation of criminal case № 306 brought
on a charge of large-scale smuggling of goods. Provisions for such
criminal offence are made in Part 2 of Article 201 of Criminal Code
of Ukraine.

Ukraine requests the assistance of relevant bodies of the United States of America in accordance with Agreement on mutual legal assistance in criminal investigation between the USA and Ukraine, signed in Kyiv on Jul/22/1998.

The Investigation Department of Transcarpathian (Zakarpatska) Administration of the Security Service of Ukraine is investigating criminal case № 306 brought by Transcarpathian Prosecutor's Office on Jan/23/2003. The action was brought on a charge of illegal transfer of the cargo "household equipment" across the customs border of Ukraine. The cargo had been concealed from the customs inspection and the customs body of Ukraine had been produced documents which contained false data on the cost and consignor of the cargo.

As appears from the available documents, the shipment of the contraband cargo of "household equipment" to Ukraine had been launched by the American company "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA, which had purchased the said cargo at the Italian company "Antonio Merloni S.P.A.".

The investigator requires the following information:

(1) Whether the company "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA, is registered and engaged in commercial activities on the US territory. If so, it is necessary to arrange the inquiry of the head, deputy head and accountant / bookkeeper of the company "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA.

(2) The relevant records of the bank that provides services to "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA, in order to establish whether the money for the contraband cargo has been transferred to its account, and whether the company itself has paid the manufacturer – the Italian company "Antonio Merloni S.P.A." (116 Veneto Street, Fabriano 60044, Italy) – for the cargo.

(3) The investigation body of Ukraine also requests the relevant US bodies that they keep the request's contents confidential as far as it does not contradict the US legislation. A disclosure of the information could complicate the identification of the persons guilty of the crime.

In its turn, the investigation body of Ukraine can assure the relevant US bodies, that the received information shall be used only for the investigation of the said criminal case and legal proceedings.

It has been established in the course of criminal investigation of Case № 306, that the cargo of "household equipment" – namely: "washing machines", "refrigerators-freezers", "kitchen stoves" – by "Antonio Merloni S.P.A." (116 Veneto Street, Fabriano 60044, Italy) was imported from the Czech Republic across the customs post "Uzhgorod" of the Carpathian Regional Customs from Dec/15/2001 to Mar/4/2002. A citizen of Ukraine Yuriy Kyrylovych Khrystenko residing at 27/2 Pidhradska Street, Uzhgorod, Ukraine, was specified as the consignee of the said cargo. The household equipment had been entered as models of 1999 year of production, which had been used as samples. At the customs clearance of the cargo of "washing machines" there was used a product code for semiautomatic washing machines, though it was not specified in the cargo accompanying

documents that the washing machines were semiautomatic. The total customs value of the imported goods made UAH 419 480.27. The delivery was effected by nine shipments.

Having been questioned as a witness in connection with the cargo import to the territory of Ukraine, the Ukrainian citizen Y.K.Khrystenko denies the fact of the customs clearance and receipt of the said cargoes. Furthermore, he maintains that he has not bought anything in the Czech Republic, and has not filled in or signed any document concerning the customs clearance of the cargoes. His international passport does not contain any records on the crossing of the Ukrainian state border on the said days.

The carriage of the cargoes was effected by the vehicles of the shipping companies "AUTODOPRAVA SEMERAD ALES" (Zabcice 432, Czech Republic) and "Frantisek VOLEX-ADAX" (Dobra Voda u Horic 22, Czech Republic).

It has been established in the course of preliminary investigation, that all the household equipment was loaded at the customs terminal "ESSCES" (Malesice, Prague-10) and shipped not to Uzhgorod but to Kyiv. All the shipment were carried out by the forwarding company "Welz Internationale Spedition s.r.o." (1294/24 Kounicka, Straznice, Prague-10). According to the shipment documents, the consignor of the cargo was the company "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA. The order for shipment, loading and payment for the cargo carriage were made out by Valeriy Ladin, born on Apr/17/1954 in Lugansk Region of Ukraine, residing in Prague-10, Czech Republic.

Having been questioned as a witness, Valeriy Ladin testified that he was an authorized representative of the American company "BRASTON ENTERPRISES CORP.".

The materials of the case also contain Examination Certificate of the household equipment which was ordered by the Ukrainian agency of "East Trading Company" (General Code of Businesses and Organizations № 21652971).

### Article 201 of Criminal Code of Ukraine "Smuggling":

Part 1 of Article 201. Smuggling, that is goods transfer across the customs border of Ukraine evading the customs control or concealing it from the customs control, committed on a large scale, as well as illegal transfer of historical and cultural valuables, poisoning, virulent, radioactive or explosive substances, guns and ammunition (except smoothbore shotguns and its ammunition), and smuggling of strategic raw materials, export of which is specified by the Ukrainian laws.

Part 2 of Article 201. The same actions committed in prior agreement by a group of people, or by a person with a previous conviction of the crime specified by the Article.

*Note:* The smuggling of goods is considered to be committed on a large scale, if the contraband cost exceeds the untaxed minimum income of the citizens by 1 000 and more.

Legal address of the company: "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA. Other information is default in the case materials.

Legal address of the company "Antonio Merloni S.P.A.": 116 Veneto Street, Fabriano 60044, Italy. Other information is default in the case materials.

NECESSARY ASSISTANCE:

The investigator suspects that the officials of "East Trading Company", Valeriy Ladin and Y.K.Khrystenko acted in criminal collusion as regards reference to the legal address of a non-existing American company in their contractual relations in order to understate the cargo value and evade paying customs charges.

NECESSARY DOCUMENTS:

We ask you to send to our address full records on the accounts in the bank that provides services to the company "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA, wherein it is specified that the company transferred the money for the cargo "household equipment" to the bank account of "Antonio Merloni S.P.A." 116 Veneto Street, Fabriano 60044, Italy, in Dec/2001 – Mar/2002, or received payment for the said cargo during the same period.

NECESSARY EVIDENCE:

To ascertain and question as witnesses the head, deputy head and accountant / bookkeeper of the firm "BRASTON ENTERPRISES CORP." Kennet Pike, Wilmington, USA, in order to find out the following:

- the witness's country of origin; whether he / she used to live on the territory of Ukraine or other republics of the former USSR, if so, specify the country;
- whether he / she is familiar with residents of Uzhgorod (Ukraine); if so, specify the people, time, place and circumstances of the acquaintance; the kind of relations and whether they keep in touch;
- the type of activity of the firm "BRASTON ENTERPRISES CORP.";
- whether the chief executive or some other official of the firm "BRASTON ENTERPRISES CORP." has concluded an agreement (contract) with the Italian firm Antonio Merloni S.P.A." for purchase of household equipment; if so, specify the time, place and circumstances of the event, the form of the agreement, where its copies can be found, the provisions of the said agreement, the kind of equipment to be delivered and the destination;
   *(in positive case, we are asking to send to our address a copy of the agreement);*
- whether the firm "BRASTON ENTERPRISES CORP." has been engaged in the sale of "Merloni" household equipment; if so, specify where the company received the said equipment from;
- whether the firm "BRASTON ENTERPRISES CORP." has ever effected deliveries of "Merloni" household equipment to the address of Ukrainian enterprises before; if so, specify the enterprises;
- whether there exist business relations between the firm "BRASTON ENTERPRISES CORP." and the firm "East Trading Company"; if so, specify the managers of the said firm the witness is personally familiar with; specify the time, place and circumstances of the acquaintance;
- the kind of activity which unites the firm  BRASTON ENTERPRISES CORP." and the firm "East Trading Company", specify how long they have cooperated;
- whether the chief executive or some other official of the firm "BRASTON ENTERPRISES CORP." has concluded an agreement (contract) with the firm  East Trading Company" for delivery of "Merloni" household equipment to the address of the latter; if so, specify the time, place and circumstances of the event, the form of the agreement, where its copies can be found;
   *(in positive case, we are asking to send to our address a copy of the agreement);*
- whether there has existed an arrangement between the officials of  BRASTON ENTERPRISES CORP." and  East Trading Company" to deliver "Merloni" household equipment to Ukraine in Dec/2001 – Mar/2002; if so, specify how, where and when the said agreement was reached, who launched the said delivery; specify the provisions of the agreement; specify the value of the cargo to be delivered by the firm  BRASTON ENTERPRISES CORP." to the address of  East Trading Company";
- where the American company received "Merloni" household equipment from; specify the seller, cost, time and circumstances of the purchase;

- whether there existed business relations between the firm BRASTON ENTERPRISES CORP." and the Czech forwarding company "Welz Internationale Spedition s.r.o." as of end of 2001 – beginning of 2002; if so, specify the managers of the said firm the witness is personally familiar with; specify the time, place and circumstances of the acquaintance;
- whether the firm BRASTON ENTERPRISES CORP." shipped "Merloni" household equipment to Ukraine through the mediation of the Czech forwarding company "Welz Internationale Spedition s.r.o." in 2001-2002;
- whether there existed business relations between the firm BRASTON ENTERPRISES CORP." and the customs terminal "ESSCES" (Malešice, Prague-10) as of end of 2001 – beginning of 2002; if so, specify the managers of the said firm the witness is personally familiar with; specify the time, place and circumstances of the acquaintance;
- whether Valeriy Ladin born on ▮▮▮▮▮▮▮▮ in Lugansk Region of Ukraine, residing in Prague-10, Czech Republic, is an authorized representative of the firm BRASTON ENTERPRISES CORP."
  *(in positive case, we are asking to send to our address a copy of the power of attorney or other document);*
- the function of Valeriy Ladin as an authorized representative of the firm BRASTON ENTERPRISES CORP." in the delivery of "Merloni" household equipment to Ukraine;
- whether the firm BRASTON ENTERPRISES CORP." has paid the firm "Merloni" for the cargo "household equipment" which was shipped to Ukraine in 2001-2002; if so, specify the time, banking institutions or the circumstances, the amount of means transferred for the cargo;
- whether the cargo "household equipment" had to be forwarded to the customs terminal in Prague; if so, specify the reason for that;
- whether the officials of the firm BRASTON ENTERPRISES CORP." prepared cargo accompanying documents of the cargo "household equipment" so that to clear it at the Czech Customs; if so, specify the documents and the official who made them out, the cargo value specified in these documents;
- whether there existed business relations between the firm BRASTON ENTERPRISES CORP." and the citizen of Ukraine Yuriy Khrystenko as of end of 2001 – beginning of 2002; whether the witness is familiar with the said person; if so, specify the time, place and circumstances of the acquaintance.

## REQUEST EXECUTION PROCEDURE:

As regards the execution of the necessary witness's interrogation and its results, it is necessary to appeal to the competent US bodies with the following request:

1. To start the witness's interrogation by ascertainment of his / her full name, current address, date and place of birth.
2. To inform the witness that he / she has the right to give no evidence against himself / herself, his / her family members and close relatives. The witness is also to be informed that criminal proceedings could be instituted against him / her in case of false evidence to all the other questions.
3. To put those questions which are to be answered.
4. To make out all the received information in the form of record of evidence / examination record. The record should contain: 1) personal information, provided by the witness; 2) reference to the fact that the US competent body has informed the witness that he / she has the right to give no evidence against himself / herself, his / her family members and close relatives, but he / she is to give honest answers to all the other questions; otherwise, criminal proceedings could be instituted against him / her; 3) the questions and answers to them.

5. Next: 1) to read the recorded questions and answers to the witness, or 2) ask him / her to look through the record on his own.
6. To specify in the record of evidence whether it was read to the witness by the US competent representative, or he / she read it by himself / herself.
7. Every sheet of the record is to be signed by the person who has given evidence as a witness. After that the record is to be signed by the US competent representative who has carried out the interrogation.

CONTACT PERSON

Should any questions concerning the request or its execution arise, we ask you to address Senior Investigator of 2nd Department of Investigation Office of Transcarpathian Administration of the Security Service of Ukraine Vyacheslav Sidey, tel. +38 (0312) 691-361.

We ask you to send the materials of the processed request to the following address: Investigation Office of Transcarpathian Administration of the Security Service of Ukraine 3 Dovzhenko St. Uzhgorod 88 000 Zakarpatska Region Ukraine.

Head of 2nd Department of Investigation Office
Transcarpathian Administration
of the Security Service of Ukraine                                    A.Hintsyak

" 12 "    05    2005